IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HART,

Plaintiff,

v.

MARTY JASPER,
and SUPER SERVICE, LLC,

Defendants.                                               No. 11-CV-907-DRH

## ORDER

**HERNDON, Chief Judge:**

This sua sponte Order is triggered by the Court's initial review of the complaint.[1] On October 7, 2011, defendants removed this case to this Court based on diversity jurisdiction (Doc. 4). The Court notes that neither the complaint nor the notice of removal properly pleads citizenship as to defendant Super Service, LLC.

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In determining the existence of diversity jurisdiction, courts look to the citizenship of all partners or investors in a partnership or limited liability company. *Lear Corporation v. Johnson Electric Holdings Limited*, 353 F.3d 580, 582 (7th Cir. 2003). Here, the allegations regarding Super Saver, LLC's citizenship are insufficient

---

[1] This Court always undertakes a review of newly-filed complaints; *see Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986): The first thing a federal judge should do when a complaint is filed is check to see that federal question jurisdiction is properly alleged.

to confer diversity jurisdiction. Thus, the Court **ALLOWS** defendants up to and including October 25, 2011 to file a brief addressing subject matter jurisdiction. The failure to do so will result in the Court remanding this case to the Madison County, Illinois Circuit Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 11th day of October, 2011.

David R. Herndon
2011.10.11
16:11:35 -05'00'

**Chief Judge
United States District Court**